UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZIPHAIRE W. PETERS,

                              Plaintiff,

        – against –

TINESHA MILLS, SANTIAGO, *and*
COMMISSIONER CYNTHIA BRANN,

                              Defendants.

**OPINION & ORDER**

21 Civ. 5527 (ER)

RAMOS, D.J.:

        Ziphaire Peters, an inmate at the Anna M. Kross Center ("AMKC") in East Elmhurst,

New York proceeding *pro se*, brought this action for monetary damages under 42 U.S.C. § 1983

against Tinesha Mills, the Warden at AMKC, Assistant Deputy Warden Santiago, and Cynthia

Brann,[1] former Commissioner of the New York City Department of Correction ("NYC DOC")

on June 23, 2021.  Doc. 2.  The complaint alleges that Peters was sexually assaulted by an

unidentified officer on a prison bus and, as a result of the assault, sustained physical injuries and

suffered from severe depression and post-traumatic stress disorder.  *Id.* at 4–5.  Peters seeks four

million dollars in damages and to be placed in protective custody.  *Id.* at 5.

        On December 17, 2021, Defendants moved to dismiss the complaint pursuant to Fed. R.

Civ. P. 12(b)(6) for failure to state a claim.  Doc. 14.  For the reasons set forth below, the motion

to dismiss is GRANTED.

## I.        BACKGROUND

        The following facts are based on the allegations in the complaint, which the Court

accepts as true for purposes of the instant motion.  *See, e.g.*, *Koch v. Christie's Int'l PLC*, 699

---

[1] While the caption names Cynthia Braun, the correct name is Cynthia Brann.

F.3d 141, 145 (2d Cir. 2012).  The Court also considers allegations raised in Peters' opposition to the motion.  *See Rodriguez v. McGinnis*, 1 F. Supp. 2d 244, 246–47 (S.D.N.Y. 1998) ("Although material outside a complaint generally is not to be taken into consideration on a motion to dismiss, the policy reasons favoring liberal construction of *pro se* complaints permit a court to consider allegations of a *pro se* plaintiff in opposition papers on a motion where, as here, those allegations are consistent with the complaint.").

Peters is a pre-trial detainee at AMKC on Rikers Island.  Doc. 2 at 2.  Peters, who identifies as transgender,[2] was placed in protective custody by a court order.  *Id.* at 4.  Peters alleges that on April 30, 2021, Santiago notified them that they were to be moved from protective custody to general population at the Otis Bantum Correctional Center ("OBCC"), another facility on Rikers Island.  *Id.*; Doc. 19 at 1.  Peters told Santiago that there was no separate housing unit for transgender persons in OBCC, which would place Peters in danger.  Doc. 19 at 1.  Peters was then dragged onto a bus through use of force.  *Id.*  On the bus, Peters then entered a "heated debate" with the unidentified male officer driving the bus about Peters' hormone therapy medication.  *Id.*  The officer then pushed Peters to the floor and sexually assaulted them by repeatedly sticking his fingers in their rectum, resulting in scratches and stretching of the rectum.  *Id.*; Doc. 2 at 4–5.  During the assault, the officer repeatedly called Peters "bitch" and "faggot."  Doc. 19 at 1.

Upon arrival at OBCC, Peters reported the assault and was sent back to AMKC.  *Id.* at 2.  At AMKC, Peters reported the assault for a second time and asked to be taken to the hospital.  *Id.*  Peters was held in AMKC's clinic for three days, allegedly so the evidence of the assault would dissipate, before being taken to Bellevue Hospital for physical examination and for collection of

---

[2] As Peters has not identified preferred pronouns, the Court uses "they/them/their" pronouns when referring to the plaintiff in the third person.

physical evidence of sexual assault. *Id.* Peters experienced severe depression, suicidal ideation, and post-traumatic stress disorder as a result of the incident. Doc. 2 at 5.

Defendants moved to dismiss the complaint on December 17, 2021, pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that there are no allegations establishing the personal involvement of any of the three Defendants. Doc. 14.

## II.   LEGAL STANDARD

### A. Rule 12(b)(6)

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Christie's Int'l PLC*, 699 F.3d at 145. However, the Court is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also id.* at 681 (citing *Twombly*, 550 U.S. at 554–55). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

### B. *Pro Se* Plaintiff

The Court holds submissions by *pro se* litigants to "less stringent standards than formal pleadings drafted by lawyers," *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir. 1993) (quoting

*Hughes v. Rowe*, 449 U.S. 5, 9 (1980)), and liberally construes their pleadings "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citation omitted).  The obligation to be lenient while reading a *pro se* plaintiff's pleadings "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. N.Y.S. Dep't of Lab.*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).  Nonetheless, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)); *see also Zapolski v. Fed. Republic of Germany*, 425 F. App'x 5, 6 (2d Cir. 2011) (*pro se* plaintiffs must plead sufficient facts to establish a plausible claim to relief and establish subject matter jurisdiction).

## III.    DISCUSSION

Construing the complaint liberally, Peters brings claims of excessive force and failure to protect against the three named defendants.

### A.  Excessive Force Claims and Failure to Protect Claims Against Mills and Brann

To state a claim under § 1983, a plaintiff must show:  "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citation omitted).  In order to establish individual liability under § 1983, "a plaintiff must show (a) that the defendant is a person acting under the color of state law, and (b) that the defendant caused the plaintiff to be deprived of a federal right." *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (quotations and citation omitted).  To prove that a defendant violated the alleged constitutional right, a plaintiff must show that the defendant's conduct was a proximate cause of

4

the injury. *Bernshtein v. City of N.Y.*, 496 F. App'x 140, 143 (2d Cir. 2012) (citation omitted). For the purpose of § 1983, the proximate cause analysis incorporates common-law tort causation principles. *See Higazy v. Templeton*, 505 F.3d 161, 175 (2d Cir. 2007). Accordingly, "the doctrine of respondeat superior . . . does not suffice to impose liability for damages under section 1983 on a defendant acting in a supervisory capacity." *Snead v. City of N.Y.*, 463 F. Supp. 3d 386, 400 (S.D.N.Y. 2020) (citation omitted).

"[I]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Kravitz v. Leis*, 803 F. App'x 547, 548 (2d Cir. 2020) (alterations in original) (citation omitted). A plaintiff must allege specific facts to show that the defendant was personally or directly involved in the violation, that is, that there was "personal participation by one who has knowledge of the facts that rendered the conduct illegal." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (citation omitted). A plaintiff may satisfy the personal involvement requirement by demonstrating that "the defendant (i) personally participated in the violation, (ii) was grossly negligent in supervising subordinates who committed the wrongful acts, or (iii) exhibited deliberate indifference by failing to act on information indicating the unconstitutional acts were occurring." *McCoy v. Goord*, 255 F. Supp. 2d 233, 245 (S.D.N.Y. 2003) (citation omitted). It is well-settled that "where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Magnotta v. Putnam Cnty. Sheriff*, No. 13 Civ. 2752 (GBD) (GWG), 2014 WL 705281, at *8 (S.D.N.Y. Feb. 24, 2014) (citation omitted).

Defendants argue that the complaint lacks allegations that they were personally involved in use of excessive force and failure to protect. Doc. 16 at 8. Even though Peters names Mills,

Santiago, and Brann in the complaint, Peters does not allege that any of the Defendants personally participated in the sexual assault or were present during it.  Doc. 2 at 4.  Peters also does not allege that any of the Defendants supervised the unidentified officer.  *Id.*  Finally, the complaint contains no allegations that either Mills or Brann knew or should have known about the risk of Peters being sexually assaulted if removed from protective custody.  *Id.*  Thus, Peters' complaint lacks any allegations demonstrating Defendants' personal involvement in use of excessive force.

As to the claim for failure to protect, Peters fails to demonstrate personal involvement of Mills and Brann.  Therefore, due to the lack of allegations of personal involvement, the claims for use of excessive force are dismissed against all Defendants and the claims for failure to protect are dismissed against Mills and Brann.

### B.  Deliberate Indifference Claim Against Deputy Santiago

As to Santiago, Peters raises new allegations in his memorandum in opposition that Santiago knew that Peters would be in danger if removed from protective custody, but did not prevent the transfer.  Doc. 19 at 1.

To state a claim for deliberate indifference to conditions of confinement, plaintiff's allegations must satisfy a two-prong test, referred to as the "objective prong" and the "subjective prong."  *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).  Under the first prong, the pre-trial detainee must show that the alleged violation was "sufficiently serious to constitute objective deprivations of the right to due process . . . ."  *Id.*  The second prong requires the defendant's deliberate indifference to the objective deprivation.  *Id.* at 32.  Under the test applied by the Second Circuit,

> [T]he pretrial detainee must prove that the defendant-official acted
> intentionally to impose the alleged condition, or recklessly failed to act with

reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.

*Id.* at 35.

Santiago argues that she neither knew nor should have known about the risk of Peters being assaulted by correction officers. Doc. 21 at 6. While Peters alleges that they informed Santiago about the dangers of being housed in general population at OBCC due to being transgender, Peters does not allege that they informed Santiago about any danger of being transported on the prison bus. Absent clear notice of a risk of harm to the detainee, "[c]ourts routinely deny deliberate indifference claims based upon surprise attacks." *Fernandez v. New York City Dep't of Correction*, No. 08 Civ. 4294 (KMW), 2010 WL 1222017, at *4 (S.D.N.Y. Mar. 29, 2010) (alterations in original) (citation omitted). Because Santiago was not on notice about the risk of Peters' being assaulted by correction officers, Peters has not demonstrated Santiago's deliberate indifference to Peters' safety. Therefore, the claims against Santiago are dismissed.

### C.  John Doe Defendant

As a final matter, the Court notes that Peters did not include as a defendant the unidentified officer who allegedly committed the sexual assault against Peters on the transportation bus. However, the complaint evinces a clear intention to bring suit against the John Doe officer. In light of Peters' *pro se* status, the Court directs the Clerk of Court to add a John Doe defendant to this action. *See* Fed. R. Civ. P. 21 (providing that "on its own, the court may at any time, on just terms, add . . . a party"); *see also George v. Westchester Cnty. Dep't of Correction*, No. 20 Civ. 1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020) (adding as a defendant an officer referenced throughout the complaint but not named as a

defendant).  This amendment is without prejudice to any defense the John Doe defendant may

assert.

Further, under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the

district court in identifying an unidentified defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the

complaint, Peters supplies sufficient information to permit the Law Department to identify the

unidentified John Doe defendant.  It is therefore ordered that the New York City Law

Department must ascertain the identity of the John Doe defendant whom Peters seeks to sue here

and the address where the defendant may be served.[3]  The Law Department must provide this

information to Peters and the Court by July 18, 2022.

Within thirty days of receiving this information, Peters must file an amended complaint

naming the identified John Doe defendant.  The amended complaint will replace, not

supplement, the original complaint.  An amended complaint form that Peters should complete is

attached to this order.  Once Peters has filed an amended complaint, the Court will screen the

amended complaint and, if necessary, issue an order asking the named defendant to waive

service.  Failure to file an amended complaint naming the identified John Doe defendant may

result in dismissal for failure to prosecute.

## IV.    CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED.  The Clerk of Court is

respectfully directed to:

- Terminate the motion, Doc. 14;

---

[3] If the Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the law Department must provide a residential address where the individual may be served.

- Terminate Mills, Santiago, and Brann as defendants;

- Add John Doe as a defendant; and

- Mail a copy of this order to Peters.

It is SO ORDERED.


Dated:   May 18, 2022
         New York, New York

_____

Edgardo Ramos, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____

Write the full name of each plaintiff.

-against-

_____
_____
_____
_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

## A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.  If you checked Diversity of Citizenship

### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial           Last Name

_____

Street Address

_____

County, City                            State                    Zip Code

_____         _____

Telephone Number                        Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                  Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                  Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                  Zip Code

Defendant 4: _____
              First Name              Last Name
              _____
              Current Job Title (or other identifying information)
              _____
              Current Work Address (or other address where defendant may be served)
              _____
              County, City              State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.