UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZIPHAIRE W. PETERS,

                Plaintiff,

– against –

CORRECTION OFFICER JOHN DOE,

                Defendant.

**ORDER**

21-cv-5527 (ER)

Ramos, D.J.:

On November 29, 2022, the Court directed Peters to respond to the New York City Law Department's Identification Interrogatories within 60 days. Doc. 30. Peters failed to do so. And on July 17, 2023, the City informed the Court that Peters failed to respond to its correspondence from July 2022, September 2022, October 2022, and November 2022. Doc. 32. In other words, Peters failed to litigate his case for more than one year.

On July 18, 2023, the Court again directed Peters to respond to the Law Department's Identification Interrogatories by August 1, 2023, indicating that failure to do so would result in dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Doc. 33. Thereafter on September 8, 2023, the Court instructed the City to file a status letter indicating whether Peters responded to interrogatories. The City timely filed a letter notifying the Court that Peters did not do so. Doc. 35.

For the reasons set forth below, the Court now dismisses the action for failure to prosecute under Rule 41(b).

**I.     Standard**

Courts evaluating dismissal under Rule 41(b) must consider the following factors:

(1) the duration of the plaintiff's failures,

(2) whether the plaintiff received notice that further delays would result in dismissal,

(3) whether the defendant is likely to be prejudiced by further delay,

(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and

(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).  When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

**II.    Discussion**

In the instant case, each of the *LeSane* factors weighs in favor of dismissal.  *First*, Peters has not communicated with the Court for more than one year, nor has he complied with the Court's orders.  Indeed, Peters has not taken any action to prosecute this case over that time.  "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, as set forth above, Peters was given clear notice that failure to respond to Court directives could result in dismissal.  The Court specifically warned—on several occasions—that failure to comply with the Court's orders could result in sanctions, including dismissal for failure to prosecute.  Docs. 31, 33, 34.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210 (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (internal quotation marks omitted). Because Peters has failed to advance this case for more than a year and has otherwise failed to respond to the City's efforts to communicate with him, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Peters has not taken advantage of his "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. And importantly, "it is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, because Peters has ignored multiple Court orders and otherwise failed to move forward this action, there are no weaker sanctions that could remedy the failure to prosecute this case. Dismissal is appropriate where, as here, Peters "abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the case is dismissed with prejudice for failure to prosecute. The Clerk of Court is respectfully directed to close this case.

It is SO ORDERED.

Dated:  September 12, 2023
        New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.