UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZIPHAIRE W. PETERS,

                        Plaintiff,

            – against –

CORRECTION OFFICER JOHN DOE,

                        Defendant.

**ORDER**

21-cv-5527 (ER)

RAMOS, D.J.:

Ziphaire W. Peters brought this *pro se* action under 42 U.S.C. § 1983 while in pretrial detention.  Despite multiple directives by the Court, Peters has failed to advance his case or otherwise communicate with the Court.  The Court now dismisses the case for failure to prosecute under Federal Rule of Civil Procedure 41(b).

I.    **BACKGROUND**

Peters filed this *pro se* action while in pretrial detention in June 2021.  Doc. 2. The complaint alleges that a correction officer sexually assaulted Peters because Peters identifies as transgender.  *Id.* at 4.  On May 18, 2022, the Court granted a motion to dismiss the named defendants.  Doc. 22.  In that same motion, the Court added the John Doe officer who committed the alleged assault to the action as a defendant, and the Court directed the New York City Law Department (the "Law Department") to identify the officer.  *Id.* at 7–8.

The Law Department requested, and received, multiple extensions of time to identify the officer while waiting for Peters to respond to identification interrogatories. Docs. 24, 26, 28.  On November 29, 2022, the Court granted the Law Department's

request to hold its deadline to identify the officer in abeyance, and the Court directed Peters to respond to the interrogatories by January 27, 2023. Doc. 30. Peters failed to do so. *See* Doc. 32. On July 18, 2023, the Court again directed Peters to respond to the interrogatories by August 1, 2023. Doc. 33. The Court warned that failure to do so would result in dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *Id.* Peters again failed to do so. On September 12, 2023, the Court issued an order dismissing this case with prejudice for failure to prosecute. Doc. 36.

On October 3 and 4, 2024, more than one year after the Court dismissed the case, Peters filed two similar letters requesting a status update on the action. Docs. 37, 38. Peters stated: "[T]he last time I heard anything from the courts was a year ago when they told me that DOCS had 90 days to come up with John Doe's name, which they never did. Can you please let me know what is going on in the case?" Doc. 37.

On October 10, 2024, the Court reopened the case on the ground that Peters appeared to have been unaware of the Court's previous orders concerning the identification interrogatories. Doc. 39. The Court directed the Law Department to promptly serve Peters with the identification interrogatories and directed Peters to respond to those interrogatories by December 5, 2024. *Id.* The Court warned Peters that a failure to respond to the interrogatories by the deadline would result in dismissal of the case. *Id.* The Court also directed the Law Department to identify the John Doe officer within thirty days of receiving Peters' response to the interrogatories. *Id.*

On December 1, 2024, Peters provided a response to the Law Department's identification interrogatories, Doc. 42, then, pursuant to a February 24, 2025 Court order, Doc. 48, Peters provided further identifying details on March 5, 2025. Doc. 49. On May

30, 2025, the Law Department identified former correction officer Jean Junior Murat Calixte as the John Doe officer, Doc. 55, and on June 16, 2025, it informed the Court that Murat Calixte had designated the Department of Corrections to accept service on his behalf, Doc. 57.

On June 17, 2025, this Court directed Peters to file an amended complaint replacing "John Doe" with the now identified correction officer Jean Junior Murat Calixte by July 17, 2025. Doc. 58. Peters did not do so. On September 30, 2025, the Law Department filed a letter motion requesting the Court dismiss the case due to Peters' failure to prosecute. Doc. 60. On October 6, 2025, the Court issued an order directing Peters to file his amended complaint by November 14, 2025, and warning him that failure to do so would result in the Court dismissing the case. Doc. 61.[1] Peters again did not do so. On January 14, 2026, the Law Department filed a letter motion again requesting that the Court dismiss this action for failure to prosecute. Doc. 62.

## II.    LEGAL STANDARD

Courts contemplating dismissal under Rule 41(b) must consider the following factors:

> (1) the duration of the plaintiff's failures,
>
> (2) whether plaintiff had received notice that further delays would result in dismissal,
>
> (3) whether the defendant is likely to be prejudiced by further delay,
>
> (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . , and

---

[1] The October 6, 2025 order also updated Peters' mailing address and warned Peters that he must promptly notify the Court of any change in address. Doc. 61.

(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (alterations and omission in original) (citation omitted).  "No single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## III.   DISCUSSION

In this case, each factor weighs in favor of dismissal.  First, it has been ten months since Peters communicated with the Court, *see* Doc. 49 (dated March 5, 2025); almost six months since Peters' initial deadline to file an amended complaint, *see* Doc. 58 (setting a deadline of July 27, 2025); and two months since the final deadline for Peters to file his amended complaint, *see* Doc. 61 (extending the deadline until November 14, 2025). Courts have found that such length delays are sufficient for dismissal under Rule 41(b). *See Salem v. City of New York*, No. 16 CIV. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) ("A delay of eight months to one year in prosecuting a case 'falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.'"); *see, e.g., Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. Jan. 4, 2013) (dismissing a *pro se* plaintiff's case under Rule 41(b) where three months had passed since the expiration of a final deadline extension).

Second, as set forth above, Peters was given clear notice that failure to respond to Court directives could result in dismissal.  Since reopening the case, the Court has twice done so:  in the Court's October 10, 2024 order to reopen the case, Doc. 39; and in the Court's October 6, 2025 order, which specifically warned Peters that a failure to file an

4

amended complaint by November 14, 2025 would result in dismissal of the case, Doc. 61.[2]

Third, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210 (citation omitted). As Peters has failed to meet deadlines required to advance this case for almost six months, the Court perceives no circumstances rebutting this presumption.

Fourth, Peters has not taken advantage of his "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. And importantly, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (alteration in original) (citation omitted).

Fifth, because Peters has disregarded the Court's orders and otherwise failed to move forward this action, there are no weaker sanctions that could remedy the failure to prosecute this case. Dismissal is appropriate where, as here, Peters "abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective). Indeed, Peters has abandoned this litigation multiple times.

---

[2]As mentioned above, this case was previously dismissed for failure to prosecute on September 12, 2023. Doc. 36. Prior to the Court's initial dismissal, Peters was warned multiple times that failure to comply with Court directives would result in dismissal of the case. *See* Docs 31, 33, 34. However, in reopening the case, the Court determined that Peters appeared to be unaware of the Court's previous orders. Doc. 39.

## IV.    CONCLUSION

For the foregoing reasons, the case is dismissed for failure to prosecute.  The

Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:    January 16, 2026
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

6